_____

No. 95-3851
_____

Greyson B. Morrow,                    *
                                      *
          Plaintiff-Appellant,        *
                                      * Appeal from the United States
     v.                               * District Court for the
                                      * District of Minnesota.
Air Methods, Inc.,                    *
                                      *     [UNPUBLISHED]
          Defendant-Appellee.         *

_____

          Submitted:  June 10, 1996

             Filed:  July 22, 1996
_____

Before BOWMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     Greyson Morrow appeals the district court's entry of judgment as a
matter of law at the close of his case.  Morrow claims he was terminated
by the defendant, Air Methods, Inc., in retaliation for refusing to violate
federal aviation regulations as a helicopter pilot in violation of Minn.
Stat. Ann. § 181.932 (West 1993).  Morrow also claims his termination
violated Air Method's employee handbook, which forbids retaliation and
promises progressive discipline prior to an employee's termination.


     In March 1992, Morrow's supervisor, Clyde Craig, was returning to the
landing site and asked Morrow to meet him to initiate a training flight.
Morrow refused to meet his supervisor at the landing site and asked that
the helicopter be shut down.  He claims he asked for a shut down in order
to perform a preflight inspection required by federal regulations.  When
Craig arrived and met Morrow, Morrow was not in uniform.  Morrow was
disciplined.  Later

that month Craig asked Morrow to initiate another flight.  Morrow refused, allegedly because he was two hours and ten minutes short of the Federal Aviation Administration's ten-hour rest requirement provided in 14 C.F.R. § 135.271(b).  Morrow did not tell Craig he was two hours short of the ten-hour requirement.

Morrow was terminated in May 1992.  Craig's evaluation in December 1991 stated that Morrow's "attitude is still a concern to me. . . .  [H]is dissatisfaction with Air Methods . . . causes bad sentiments among the other pilots."  Appellant's Add. at 23.

Whistleblower Claims

Minnesota's whistleblower statute prohibits adverse employment actions against an employee because the employee "reports a violation or suspected violation of any federal or state law" to the employer or a governmental entity, or because "the employee refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law or rule or regulation adopted pursuant to law, and the employee informs the employer that the order is being refused for that reason."  Minn. Stat. Ann. § 181.932(1)(a), (c).

Morrow has no direct evidence of retaliation, but contends that being terminated in May 1992 after the incidents in March 1992 supports an inference that he was terminated because he refused to violate federal aviation regulations as requested by his employer.  We reject Morrow's argument.  Air Methods contends it terminated Morrow because of "his contentious, uncooperative, and disruptive conduct[.]"  Appellee's Brief at 22.  There is undisputed evidence in the record which supports this contention.  Morrow concedes the existence of the personality conflict with his supervisor.  We find that Morrow has failed to produce any evidence to support a reasonable inference of pretext.

Furthermore, as the district court found, an engine-on preflight inspection is not prohibited by the regulations. Morrow had previously conducted engine-on preflight inspections and had ordered such inspections when he served as manager of the landing site. Morrow did not explain to his employer why he thought an engine-off preflight inspection was required in this particular instance, and he does not point to any "objective basis in fact" for believing the engine-on preflight inspection would have violated federal regulations.

As to Morrow's claim that he was terminated for refusing to fly with less than ten hours of rest, he is correct that such a flight would have violated federal aviation regulations. See 14 C.F.R. § 135.271(b). As the district court found, however, there is no evidence that Craig knew Morrow would have been short of the mandatory ten hours rest at the time when the flight was to be initiated, and Morrow failed to tell Craig how long he would have needed to rest prior to initiating his next flight. Under these circumstances, we hold that the district court properly granted judgment as a matter of law to Air Methods on Morrow's retaliatory discharge claim.

Contract Claim

We also reject Morrow's argument that the employee handbook creates a contractual right to progressive discipline and protection against retaliation for exercising employee rights. The first page of the handbook contains a disclaimer that: "None of the policies referred to above or in the body of this handbook constitute a promise by Air Methods . . ., nor do they form an employment contract between Air Methods and its employees." Appellant's App. at 164. Under Minnesota law, disclaimers ordinarily defeat implied contracts arising out of employee handbooks. See, e.g., Michaelson v. Minnesota Mining & Mfg. Co., 474 N.W.2d 174, 180 (Minn. Ct. App. 1991), aff'd by unpublished

opinion, 479 N.W.2d 58 (Minn. 1992).  Further, Morrow could not recall whether he read the employee handbook.  In light of the express disclaimer and the circumstances of this case, we find the district court properly granted judgment as a matter of law in favor of Air Methods on Morrow's breach of contract claim.

For the foregoing reasons, the judgment is AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.